IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH SLADE, et al.      ) | |
|       ) | |
|   Movants,      ) | |
|       ) | |
| v.      ) | CASE NO.: 1:05-mc-00299-RCL |
|       ) | |
| UNITED STATES GOVERNMENT      ) | |
| PRINTING OFFICE      ) | |
|       ) | |
|   Respondent.      ) | |
|       ) | |

## MOVANTS' OPPOSITION TO MOTION TO DISMISS

Movants Keith Slade ("Mr. Slade"), Fusion Construction LLC ("Fusion"), and Controlled Quality Corporation ("CQC"), by and through their undersigned counsel, respectfully oppose the Government's Motion to Dismiss. In support of their opposition, Movants respectfully represent the following:

### FACTS

The Government Printing Offfice ("GPO") issued subpoenas *duces tecum* to Branch Bank and Trust and to Bank of America pertaining to accounts held by Movants, requesting access to the complete records of the accounts. The subpoenas were issued pursuant to an investigation initiated by the GPO Inspector General's Office ("GPO OIG") in response to an allegation that CQC over-billed the GPO for several copying contracts that GPO awarded to CQC.

GPO had previously reviewed the invoices and documentation prior to paying CQC. See Exhibit A, Slade's Affidavit in support of Movants' Opposition to Respondent's Motion to Dismiss, attached. GPO began reducing the amount of documents CQC produced to GPO in a

seemingly arbitrary fashion long after the actual production.  GPO did not dispute the number of documents produced at the time of payment.  Id.

GPO OIG then launched an investigation into the allegations of over-billing and issued the aforementioned subpoenas under 5 U.S.C. app. 3, § 6(a)(4).   Movants filed a motion challenging access to Movants' financial records.

**ARGUMENT**

I.      **MOVANTS' MOTION IS NOT UNTIMELY.**

The Government alleges that the Motion was untimely, but this assertion is incorrect. Movants did indeed file their Motion to Challenge Access to Financial Records by July 13.  As a matter of fact, Movants attempted to file the Motion three times.  Movants attempted to file the Motion on June 28, 2005 but sent the motion with a check that would have overpaid the Court. The Court then returned the Motion and the check.  *See* Exhibit B, Movants' June 28, 2005 letter to the Clerk pertaining to filing the Motion to Challenge Access to Financial Records.  Note that the stamp on the back side of the document is crossed through, indicating that the Court rejected the filing.

Movants then filed again on July 13, 2005.  *See* Exhibit C, Movants' July 13 letter to the Clerk pertaining to filing the Motion to Challenge Access to Financial Records.  Due to a procedural error, the Motion was not successfully docketed and was returned to Movants' counsel, who re-filed the Motion once more.  The motion was accepted but not entered into the electronic system until July 28, 2005.

Accordingly, the Motion is still timely because it was originally submitted on the proper date.  Accordingly, Movants' Motion should not be denied on the ground of untimeliness.

## II.  RESPONDENT'S SUBPOENA IS PREMATURE AND NOT RELEVANT TO DETERMINING WHETHER OR NOT THE GPO WAS OVERBILLED.

12 U.S.C. § 3410 provides that a customer may challenge the Government's access to financial records if the financial records sought are not relevant to a legitimate law enforcement inquiry or if there has not been substantial compliance with the RFPA.  12 U.S.C. § 3410(a)(2).

The Government alleges that Mr. Slade's financial situation is "critical to the investigation because it will allow the GPO OIG to determine assets, as well as liabilities, and to assess Mr. Slade's ability to reimburse the Government should it be determined that he engaged in a prohibited activity."  *See* Respondent's Memorandum in support of its Opposition, p. 3.  While Mr. Slade's financial situation is relevant, it is not relevant at this stage of the investigation and is therefore premature.

Any determination of recovery is neither probative nor dispositive of the question whether or not Mr. Slade over-billed the GPO for copy services.  A determination of Mr. Slade's financial situation is appropriate only after a finding of culpability for over-billing; at this point of the investigation such determination is neither helpful nor relevant and therefore should be prohibited under 12 U.S.C. § 3410.  Further, as CQC has numerous clients, the amount of information that would be available would be largely irrelevant to the Government's claim against Mr. Slade.

Adding insult to injury, the Government also requests the information pertaining to Fusion's finances.  Fusion's activities have no relevance whatsoever to this investigation.  Disclosure of the company's finances will not prove the Government's case or exonerate Mr. Slade.  Fusion has not been implicated in any way with the actual alleged injury to the Government, and Government intrusion upon Fusion's records for an unrelated matter is completely inappropriate.  Any such intrusion should be deferred until there has been a

3

dispositive finding of improper activity on Mr. Slade's part.  Until such finding has been made, any access should be denied.

The Government's investigation and any possible litigation is not contingent upon the possibility of recovery.  Disclosure of Mr. Slade's financial status will not prove that Mr. Slade over-billed the GPO for CQC's services, nor will it exonerate Mr. Slade.  Carte blanche access to Mr. Slade's records serves no purpose at this time but to harass or embarrass Mr. Slade.

Accordingly, Movants request that the Court deny the Government access to Movants' financial records based on the lack of relevance to the investigation at this time.

### III.    RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE RESPONDENT HAS FAILED TO COMPLY WITH STATUTORY REQUIREMENTS, AS THE GOVERNMENT'S SUBPOENA IS BASED IN PART ON ERRONEOUS INFORMATION.

Movants also oppose the Government's Motion to Dismiss on the merits, as it contains false and misleading information, and therefore fails to satisfy the requirements to access financial records under 12 U.S.C. § 3402.  The Government filed a declaration in support of the enforcement of its administrative subpoena *duces tecum* with its Opposition.  The declaration was prepared by Special Agent Hugh Coughlin, who asserted in his declaration that Mr. Slade is the president of Fusion based on documents retrieved from Mr. Slade's trash.  Mr. Slade, however, is not the President but the Treasurer and Secretary of Fusion.  *See* Slade's Affidavit attached to Movants' Motion to Challenge Government Access to Financial Records, in the Record.

Mr. Slade is not an owner of Fusion, and does not have a financial interest in Fusion.  *See* Exhibit A.  Mr. Slade merely acts as an officer of Fusion.  The Government has established no connection between Fusion and the GPO, and any such connection is at best a red herring.

4

These facts further ballast the argument that Fusion's financial records are not relevant to the investigation, as there is no need to bring Fusion's records under scrutiny as part of the investigation of Mr. Slade. This failure to produce a genuine, relevant connection therefore also establishes that the Government has failed to comply with the requirements of 12 U.S.C. §§ 3402 and 3405. As such, both the Government's Motion to Dismiss should be denied, and the Government should be denied access to Mr. Slade's financial records on the merits.

## CONCLUSION

WHEREFORE, in light of the fact that Movants' motion is not untimely, coupled with the fact that subpoena is both based on false information and not relevant at this juncture in time, Movants respectfully request that Respondent's Motion be denied, and that the Government be denied access to Movants' financial records at this time.

        Respectfully Submitted,

        _____/s/_____
        Peter R. Maignan #461974
        Maignan & Associates, LLC
        8181 Professional Place, Suite 205
        Landover, MD  20785
        301.429.1274
        *Attorney for Movants*

CERTIFICATE OF SERVICE

I hereby certify on this 25th day of August, a copy of the enclosed Opposition to Respondent's Motion to Dismiss Movants' Motion to Challenge Access to Financial Records was delivered via electronic filing to:

BEVERLY M. RUSSELL
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E-4915
Washington, D.C. 20530


_____/s/_____
Peter R. Maignan