**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEITH SLADE, et al.,** ) | |
| ) | |
| **Movants** ) | |
| ) | Case No. 1:05-mc-00299-RCL |
| v. ) | |
| ) | |
| **UNITED STATES GOVERNMENT** ) | |
| **PRINTING OFFICE,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**RESPONDENT'S REPLY TO
MOVANTS' OPPOSITION TO MOTION TO DISMISS**

Pursuant to 12 U.S.C. § 3410(a) of the Right to Financial Privacy Act ("RFPA") of 1978, the Movants have requested that the Court deny respondent United States Government Printing Office ("GPO") access to financial records required as part of the Agency's investigation on whether the Movants over-billed the Government for contracting services. Respondent moved to dismiss the Movants' *Motion to Challenge Government Access to Financial Records* filed pursuant to 12 U.S.C. § 3401 et seq. as untimely and because the financial records were needed as part of the GPO's investigation. The Movants, in their opposition to Respondent's motion, argue that their challenge was timely because they attempted to file within the requisite period for quashing the GPO's subpoena. Movants Op. at 1 - 2. The Movants also challenge the GPO's subpoena on the basis that the financial records are not relevant at this point in the investigation and would only have evidentiary value if Movants are determined culpable,

and thus, recovery of funds become an issue. The Movants also object to the GPO's subpoena alleging that movant Slade is not an owner of Fusion - although he acts as an officer. The Movants' arguments are without merit.

The Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." S.E.C. v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984). As an initial matter, the RFPA provides only for a customer motion to quash and the government's response. 12 U.S.C. § 3410(a) and (b). The Movants' "opposition," notably that portion dealing with the merits, effectively constitutes a "reply" which is not provided for in the RFPA without direction from the Court. 12 U.S.C. § 32410(b).

Additionally, a customer challenging an agency's application for the customer's financial records must file in District Court within ten days of service or within fourteen days of mailing of the agency's subpoena, summons or other formal written request for records. 12 U.S.C. § 3410(a). Failure to comply with the RFPA's filing requirements bars the district courts' jurisdiction. See, e.g. Siegfried v. Inspector General of the U.S. Dep't of Agriculture, 163 F.Supp.2d 170 (E.D.N.Y. 2001); Turner v. United States, 881 F.Supp. 449, 451 (D.Haw. 1995). Although the Movants apparently attempted to file their challenge to Respondent's subpoena on the last day of the period allowed under the RFPA, they did not actually file the challenge until well after the jurisdictional period for

doing so. Accordingly, consistent with the "strict procedural requirements" of the RFPA, the Movants' challenge is untimely and should be dismissed.

Further, the Movants' attempt to manipulate the investigation with their opinion as to what information is required as part of the GPO OIG investigation and when the information should be required is in direct contravention to the deference given to an agency Inspector General in executing its investigative function.  See  United States v. Westinghouse Electric Corp., 788 F.2d 164, 170 - 171 (3rd Cir. 1986); Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 214 (1946)(agencies generally are granted broad deference in determining the scope of their investigative authority).  Although movant Slade denies being the owner or having any financial interest in movant Fusion, and thus argues that disclosure of Fusion's financial records are not relevant (Movants' Op. at 4 - 5), Respondent expressly noted that its investigation produced evidence that movant Slade "is utilizing Fusion Construction for additional work and that Mr. Slade, [movant Controlled Quality Corporation], and [the] additional companies utilize the services of BB&T and Bank of America."  See Respondent's Op. and Mot. Dismiss, Declaration of Special Agent Hugh D. Coughlin, ¶ 9.  Given that the GPO OIG has demonstrated that its need for the financial records are required to complete a legitimate law enforcement investigation, the Movants' arguments against access to those records are without merit.

Accordingly, for reasons stated in Respondent's opposition and motion to dismiss, and herein, Respondent requests that the Court deny the relief requested by Movants to quash the subpoenas and issue an order enforcing the subpoenas.

Date: September 6, 2005                    Respectfully Submitted,


/s/ Kenneth L. Wainstein /mj
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell

Of Counsel:                                _____
J. Anthony Ogden                           BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant Inspector General/               Assistant United States Attorney
Counsel to the Inspector General           U.S. Attorney's Office for the District of Columbia,
U.S. Government Printing Office             Civil Division
                                           555 4th Street, N.W., Rm. E-4915
                                           Washington, D.C.  20530
                                           Ph:  (202) 307-0492