UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
KEITH SLADE, et al.,                                )
                                                    )
                        Petitioners,                )
                                                    )
        v.                                          )        Misc. Action No. 05-00299 (RCL)
                                                    )
UNITED STATES GOVERNMENT                            )
PRINTING OFFICE,                                    )
                                                    )
                        Respondent.                 )
_____)

MEMORANDUM AND ORDER

        This matter comes before the Court on Petitioners' Motion [1] to Challenge Government

Access to Financial Records.  Petitioners Keith Slade, Fusion Construction, LLC ("Fusion") and

Controlled Quality Corporation ("CQC") filed this motion pursuant to the Right to Financial

Privacy Act of 1978, 12 U.S.C. §§ 3401 *et seq.* ("RFPA"), which permits a certain class of

persons to challenge the disclosure of their financial records to the government.  Upon

consideration of the parties' filings, the applicable law and the record herein, Petitioners' motion

is denied.

I. BACKGROUND

        On June 16, 2005, the Office of Inspector General ("OIG") of the United States

Government Printing Office ("GPO") issued subpoenas *duces tecum* to Branch Bank and Trust

(Wooten, North Carolina) and Bank of America (Charlotte, North Carolina).  The OIG issued the

subpoenas in connection with its investigation of CQC, a GPO printing contractor of which

Keith Slade is the President.  On July 28, 2005, Petitioners filed a motion with this Court seeking

to quash the subpoenas.  Petitioners aver that OIG's subpoenas are not relevant to a legitimate

law enforcement inquiry, and that they subject Petitioners to an undue burden and are

unreasonable and oppressive.  Mot. to Challenge Gov. Access to Financial Records 3.  The GPO

has moved to dismiss Slade's motion as untimely and requests that this Court order enforcement

of the administrative subpoenas at issue.

## II. DISCUSSION

*A. Petitioners' Standing to File Motion*

Section 3410 of RFPA, pursuant to which Petitioners filed their motion, provides the

exclusive means for a financial institution's customer to challenge the production of his financial

records pursuant to a Government authority's subpoena.  Although Respondent failed to raise

this issue in its Motion to Dismiss, the Court must determine whether Petitioners have standing

to file their motion.  Under RFPA, a "customer" is defined as "any person or authorized

representative of that person who utilized or is utilizing any service of a financial institution . . .

in relation to an account maintained in the person's name."  12 U.S.C. § 3401(5) (2001).  Section

3401(4) further defines "person" as "an individual or partnership of five or fewer individuals."

It follows that RFPA "is limited to individual customers and small partnerships; corporations are

not protected."  *United States v. Daccarett*, 6 F.3d 37, 51 (2d Cir. 1993) *cert. denied sub nom.*

*Creaciones Viviana Ltda. v. United States*, 510 U.S. 1191 (1994); *see also Mackey v. SEC*, 1997

WL 114801, at *1 (D. Conn. 1997) ("Under the RFPA a corporation does not have the right to

challenge a subpoena.").  Hence, as corporations, Fusion and CQC lack standing to challenge

OIG's subpoenas; Slade does have standing under RFPA.

*B. Subject Matter Jurisdiction over Petitioners' Motion*

Even if Petitioners all had standing to challenge OIG's subpoenas, under RFPA, "[a]

customer's ability to challenge a subpoena is cabined by strict procedural requirements." *SEC v.*

*Jerry T. O'Brien*, 467 U.S. 735, 745 (1984). One of these requirements is that a customer

wishing to file a motion to quash an administrative subpoena must do so in the court which

issued the subpoena "within ten days of service or within fourteen days of mailing of a subpoena

[or] summons." 12 U.S.C. § 3410(a). The court's jurisdiction over the customer's motion is

predicated on the timely filing of the motion. *See Sandsent Fin. Consultants, Ltd. v. Fed. Home*

*Loan Bank Bd.*, 878 F.2d 875, 881 n.6 (5th Cir. 1989) (noting that under § 3410, "the untimely

nature of the motion would, in most cases, provide an independent ground for denying the

motion"); *Mackey*, 1997 WL 114801, at \*1 ("If a motion to quash is not timely filed pursuant to

[12 U.S.C. § 3410(a)], a district court does not have subject matter jurisdiction to hear the

challenge."); *Turner v. United States*, 881 F.Supp. 449, 451 (D. Haw. 1995) (ruling that timely

filing of a § 3410(a) motion was a "prerequisite to this Court's jurisdiction" over the matter at

hand); *Friedman v. Inspector Gen., Dep't of State*, 1992 WL 321510, \*1 (D.D.C. 1992)

("[U]ntimeliness is sufficient grounds for denying a motion to quash.").

Petitioners filed the motion challenging OIG's subpoenas on July 28, 2005, over a month

after the subpoenas' issuance and service on June 16, 2005. Petitioners asserts that they first

mailed the motion on June 28, 2005 and that the motion was received by the court on June 30,

2005, but that the court returned the motion because the enclosed check with the filing fee was

for an incorrect amount. Petr.'s Opp'n 2. Petitioners' next attempt on July 13, 2005 was not

successful as the motion was not filed and was returned to Petitioners' counsel "[d]ue to a

procedural error." *Id.* Petitioners assert that the motion is timely "because it was originally

submitted on the proper date." *Id.* However, Petitioners did not *file* the motion by June 30,

2005, but rather *attempted to* do so and were hampered by their own or their counsel's error.

The plain language of § 3410(a) explains that the timeliness of a motion to quash is based on the

date of filing with the appropriate district court. Petitioners' rationale also conflicts with the

policies underlying the strict requirements of § 3410. The Court in *O'Brien* explained that the

strict procedural requirements of RFPA, including the timeliness requirement of § 3410(a), were

"drafted in a fashion that minimizes the risk that customers' objections to subpoenas will delay

or frustrate agency investigations." 467 U.S. at 745. *Cf. JEM Broad. Co. v. FCC*, 22 F.3d 320,

325 (D.C. Cir. 1994) (explaining that statutory time limitations on judicial review are

"jurisdictional in nature," in part due to the importance of finality in administrative proceedings)

(citations omitted). Accordingly, the weight of precedent divests this Court of jurisdiction.

*C. Validity of the Subpoenas*

However, even if Petitioners had filed their motion within the prescribed time period, this

Court would deny the motion because the subpoenas are valid. An administrative subpoena is

valid under RFPA if: (1) "there is a demonstrable reason to believe that the law enforcement

inquiry is legitimate"; and (2) there is "a reasonable belief that the records sought are relevant to

that inquiry." 12 U.S.C. § 3410(c). The Inspector General Act of 1978 mandates the OIG to

"conduct, supervise, and coordinate audits and investigations relating to the programs and

operations" of the GPO. 5 U.S.C. app. 3, § 4(a)(1) (1996). In the furtherance of these duties, the

OIG has the authority to issue subpoenas for the production of necessary records. 5 U.S.C. app.

3, § 6(a)(4). In determining the legitimacy of an administrative subpoena, courts should defer to

a government agency's determination of relevance. *See FTC v. Invention Submission Corp.*, 965

F.2d 1086, 1089 (D.C. Cir. 1992) ("The agency's own appraisal of relevancy must be accepted

so long as it is not obviously wrong.") (internal quotation marks and citations omitted), *quoted in*

*Resolution Trust Corp. v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994).  Furthermore, information

is reasonably relevant to an agency's inquiry if it is "not plainly incompetent or irrelevant to any

lawful purpose of the agency."  *See Invention Submission Corp.*, 965 F.2d at 1089 (internal

quotation marks and citations omitted).

The OIG issued the subpoenas in connection with its investigation of CQC for over-

billing the Government.  The GPO has explained that it seeks information regarding Slade's

assets and liabilities in order to assess his ability to reimburse the Government should the GPO

prevail in an action against Slade.  Respt.'s Mot. Dismiss 12.  Notably, Petitioners do not dispute

the legitimacy of OIG's investigation.  Rather, they challenge OIG's determination that the

records sought are relevant to the investigation.  Petitioners claim that Slade's financial situation

is neither probative nor dispositive of the question of whether Slade over-billed the GPO.  Petr.'s

Opp'n 3-4.  Notwithstanding, the Court's inquiry under § 3410(c) is limited to the question of

relevance.  Petitioners state that Slade's financial situation is not relevant *at this stage of* OIG's

investigation and that an inquiry into Fusion's finances is premature as Fusion "has not been

implicated" in the alleged over-billing.  *Id.* at 3.  However, by conceding that "Mr. Slade's

financial situation is relevant" to the investigation, Petitioners have defeated their own motion.

*Id.*  Independent of Petitioners' admission of relevance, this Court gives deference to OIG's

demonstration of relevance.  Slade's financial situation is relevant to the investigation in that it is

a factor in GPO's determination of whether it should bring an action against Slade.  Respt.'s

Mot. Dismiss 3, 12.  Since the GPO has satisfied its burden of showing relevance under §

3410(c), this Court would have denied Petitioners' motion on the merits even if Petitioners had

filed their motion in a timely manner.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioners' motion was not timely filed and the Court has no subject matter jurisdiction over the motion. The Court consequently declines to entertain GPO's request for enforcement of the subpoenas.

Accordingly, it is hereby

ORDERED that Petitioners' Motion [1] to Challenge Government Access to Financial Records is DENIED; it is further

ORDERED that Respondent's Motion [4] to Dismiss is GRANTED; it is further

ORDERED that Respondent's Motion [4] to Enforce Administrative Subpoenas is DENIED for lack of jurisdiction.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, October 12, 2005.